O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GUADALUPE MARTINEZ,
)                    CASE NO. CV 11-06935 RZ
)
                    Plaintiff,          )
)                    MEMORANDUM OPINION
        vs.                             )                    AND ORDER
)
MICHAEL J. ASTRUE, Commissioner         )
of Social Security,                     )
)
                    Defendant.          )
)

Plaintiff challenges the Social Security Commissioner's decision denying her application for disability benefits.  The Court remands the matter to the Commissioner for further proceedings.

On April 14, 2010, the Administrative Law Judge found that Plaintiff, despite having both physical and mental impairments, was not disabled.  [AR 21]  The Appeals Council received additional evidence and made it part of the record on July 12, 2011 [AR 5]; concurrently, it denied the appeal [AR 1-3], thereby making the Administrative Law Judge's decision the decision of the Commissioner.  *Sims v. Apfel*, 530 U.S. 103, 107 (2000).  In the meantime, Plaintiff had filed a further application for disability on June 25, 2010.  A different administrative law judge granted that application on November 25, 2011, and found that Plaintiff was disabled as of April 29, 2010.  Thus, Plaintiff's disability was said to have begun fifteen days after she was held not to have been disabled.  The

subsequent decision is not part of the Administrative Record, but it is attached to Plaintiff's Memorandum in Support of Complaint, and both parties have referred to it.

Plaintiff asserts that the Court should remand the matter so that the decision now before the Court can be reconciled with the later decision. A court is authorized to remand a matter, without reaching the merits, "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). In *Luna v. Astrue,* 623 F.3d 1032 (9th Cir. 2010), the Court affirmed a decision that a subsequent finding of disability was new and material evidence warranting remand for further consideration. The Court did not discuss the good cause requirement of the statute, but instead merely held that the record was inadequate to determine if the two decisions could be reconciled, and therefore affirmed the decision remanding the matter for further proceedings. In contrast, in *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001), the Court affirmed a denial of a motion to remand in the face of two decisions on disability, noting that there was different medical evidence, a different time period, and a different age classification, and therefore there was no inconsistency between the two administrative decisions.

The Court does not have before it the record in the second decision; that decision, being favorable to Plaintiff, was not appealed. Thus, the Court cannot say for sure what evidence was in fact before the Commissioner the second time around. Nevertheless, errors in the first decision, combined with certain new evidence, both require remand.

The Administrative Law Judge said that Plaintiff had two severe mental impairments, dysthymia and personality disorder with dependent and histrionic traits. [AR 13] He specifically found, however, that Plaintiff did not suffer from depression, saying:

> In terms of the claimant's alleged depression, the record contains
> references to the claimant having been diagnosed with various
> manifestations of depression (Exhibits 2F, p.10; 5F, p.4; 7F, p.4;

34F, p.2).  However the statements of these diagnoses are given by social workers; as there is no indication that the diagnoses were made by acceptable medical sources, I give them no weight.

[AR 16]  Later, the Administrative Law Judge said that he gave "little weight" to social workers' opinions about Plaintiff's depression, because they "are not medical professionals" [AR 18]; he also said that their opinions are not supported by any associated medical record and are contradicted by the findings of the consultative examiners.  [*Id*.] In the face of these statements, the Commissioner's assertion to this Court that "the ALJ did indeed weigh the social workers' statements" (Defendant's Memorandum at 5:1) is, to understate the matter, inaccurate.

More to the point, however, is the fact that the Administrative Record also contains an opinion of a treating psychiatrist, stating that Plaintiff suffers from major depression [AR 597-601].  The Administrative Law Judge did not discuss this opinion and, since it was submitted after the hearing, it is not clear that he had it before him.  However, it is clear that it was before the Appeals Council, and this Court is obligated to review the entire record, including that which was before the Appeals Council.  *Ramirez v. Shalala*, 8 F.3d 1449, 1451-53 (9th Cir. 1993).  Thus, the opinion that Plaintiff suffered from major depression was not just that of the social workers, but also that of a treating psychiatrist. Given that the Administrative Law Judge declined to identify major depression as a severe impairment from which Plaintiff suffered, the Appeals Council's statement that the addition of the new exhibits did not change the decision of the Administrative Law Judge is difficult to understand.  And, given that a different administrative law judge did find that, two weeks later, Plaintiff did suffer from major depression, it is suspicious that the depression identified in the record before this Court did not even rise to the easily-attained level of Step 2 severity.

An opinion of a treating psychiatrist cannot simply be ignored. So that the opinion of the treating psychiatrist can be fully assessed, the matter must be remanded. The opinion of the treating psychiatrist in turn may cast a different light on the assessments of the social workers. So too may the later decision containing a finding of disability. And, so too may the revelation, contained in an attachment to Plaintiff's Memorandum in Support of Complaint and acknowledged by Defendant, that one of Defendant's consulting psychiatrists was terminated from providing services to the Department of Social Services a bare two months after examining Plaintiff here. That consultant had found that Plaintiff could function in a work setting; one of the reasons for his termination was that the doctor included duplicate or identical mental status examinations for multiple claimants.

In light of the Court's disposition, there is no need to analyze whether there are additional errors in the record. Clearly the record needs to be re-examined, and therefore the case is remanded for further proceedings consistent with this memorandum opinion.

IT IS SO ORDERED.


DATED: March 22, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE